COMMONWEALTH *vs.* LAWTON B. KINGSBURY.

Middlesex.   November 14, 1978. — February 16, 1979.

Present: HALE, C.J., ROSE, & GOODMAN, JJ.

*Search and Seizure. Practice, Criminal,* Comment by prosecutor, Conduct of prosecutor. *Breaking and Entering.*

The judge at a hearing on a motion to suppress did not err in concluding that the sequence of events leading police officers to the defendant's apartment, taken in conjunction with the moaning sounds signalling distress which the police heard emanating from within, supported a reasonable belief that a person in that apartment was in need of immediate aid, and that therefore the police officers were justified in entering the apartment and seizing certain items which were in plain view. [54]

At a criminal trial, any prejudice arising from improper remarks and conduct by the prosecutor was adequately offset by the judge's prompt warnings to counsel and careful instructions to the jury. [54-55]

Evidence that a break-in occurred between the hours of 6:00 P.M. and 7:00 P.M. on October 31, 1975, was insufficient to warrant a finding that the breaking and entering occurred in the "night time" as required under G. L. c. 266, § 15. [55]

INDICTMENTS found and returned in the Superior Court on January 12, 1977.

The cases were tried before *Garrity, J.*

*Richard J. Hayes* for the defendant.

*William L. Pardee*, Assistant District Attorney, for the Commonwealth.

ROSE, J. The defendant was convicted by a jury of assault and battery and of breaking and entering a dwelling house in the nighttime with intent to commit a felony. On appeal (G. L. c. 278, §§ 33A-33G) the defendant challenges the denial of his motions to suppress evidence seized after a warrantless entry and search of his apartment on the evening of October 31, 1975, and after a search pursuant to a warrant on November 1, 1975; the denial of his motion for a mistrial and certain other rulings of the judge arising from alleged prosecutorial misconduct; and the denial of his motion for a directed verdict of not guilty on the indictment for breaking and entering.

On the basis of the evidence adduced at the suppression hearing, the judge found the following facts. Sometime after 7:00 P.M. on October 31, 1975, while searching for a missing thirteen year old girl, Sergeant Gagnon of the Watertown Police Department found a pair of pants and a sweater in the basement area of an apartment building at 50 Carey Avenue, Watertown. These items fit the description given by the girl's father of the clothes she had been wearing when last seen by him. Sergeant Gagnon also found, in a trash barrel in the basement, a Polaroid negative of a young boy nude from his waist to his knees. About this time, two men met the sergeant and informed him that earlier that evening an adult male and four young boys had broken into and entered a basement apartment at 50 Carey Avenue (into which the two men were moving) and had been "drinking there." The two

men expressed their belief that the boy depicted in the negative was one of those four young boys. They also believed, based upon conversations with neighbors in the building, that the adult male in question resided in the building in a second floor apartment.

Following this lead, Sergeant Gagnon knocked at the door to the defendant's apartment and announced himself. He heard a moaning sound coming from within the apartment. Receiving no response to his knocks, the sergeant sent for a passkey. A second police officer arrived with the key and confirmed the existence of the moans. The two officers, having neither an arrest nor a search warrant, unlocked the door and forced the chain lock. The defendant emerged from a rear bedroom and said that a friend was inside. In the bedroom, Sergeant Gagnon saw a young boy lying on the bed, fully clothed, and unconscious. His breath smelled of alcohol. When he could not be revived, a rescue squad took him to the hospital. The police officers observed and seized several items located on the bed and bureau: a photograph of a young boy and the defendant, both nude, engaging in fellatio; an album opened to a page of photographs depicting young boys and the defendant engaging in fellatio; and commercial magazines depicting nude young boys. The defendant was then arrested for breaking and entering in the nighttime with intent to commit a felony; to wit, an unnatural act.

On this testimony the judge denied the defendant's motion to suppress, except for the magazines, ruling that the police officers' warrantless entry into the defendant's apartment had been justified as an appropriate and reasonable response to the exigencies of the situation, and that the items in plain view were validly seized by Sergeant Gagnon. The defendant's second motion to suppress, challenging a search by the police the following day pursuant to a search warrant issued on an affidavit based upon what they had observed in the warrantless search was denied by the judge, who ruled that the warrant was legally issued and executed.

1. We hold that the Commonwealth satisifed its burden of showing that the initial search fell within "a narrow class of permissible exceptions" to the warrant requirement, *Commonwealth* v. *Forde*, 367 Mass. 798, 800 (1975), and concur with the judge's ruling that the police officers were justified in their belief that a warrantless entry into the defendant's apartment "was immediately required in order that the life of another would not be endangered." The sequence of events leading the police to the defendant's apartment, taken in conjunction with the moaning sounds signalling distress which the police heard emanating from within, supported a reasonable belief that a person in that apartment was in need of immediate aid. Further investigation was justified as an appropriate response to an emergency situation and, indeed, as a proper exercise of the police officers' duty. See *Vale* v. *Lousiana*, 399 U.S. 30, 35 (1970); *United States* v. *Barone*, 330 F.2d 543, 544-545 (2d Cir.), cert. denied, 377 U.S. 1004 (1964); *Commonwealth* v. *Thomas*, 358 Mass. 771, 773 (1971); *Commonwealth* v. *Forde, supra* at 804. The items seized by the police officers were in plain view. See *Commonwealth* v. *Haefeli*, 361 Mass. 271, 281-282 (1972). We also agree with the judge's ruling that the subsequent search pursuant to a warrant was valid in all respects. The motions to suppress were properly denied.

2. Our review of the record reveals no prejudicial error arising from the prosecutor's conduct during trial. Although certain indiscreet remarks made by the prosecutor during his closing argument pertaining to the defendant and to defense counsel, and certain tactics apparently designed to bring material not properly in evidence to the jury's attention were improper, we find that the judge in each instance ably and adequately counteracted any adverse impact on the jury by his prompt warnings to counsel and careful instructions to the jury. See *Commonwealth* v. *Edgerly*, 6 Mass. App. Ct. 241, 258-260 (1978). Contrast *Commonwealth* v. *Shelley*, 374 Mass. 466, 469-472 (1978). See generally *Commonwealth* v. *Earltop*, 372

Mass. 199, 204-205 (1977) (Hennessey, C.J., concurring). Moreover, we find no indication of bad faith on the part of the prosecutor in his reference to certain evidence in his opening statement. See *Commonwealth* v. *Fazio*, 375 Mass. 451, 454 (1978).

3. The defendant moved for a directed verdict of not guilty on the charge of breaking and entering under G. L. c. 266, § 15,[1] arguing that the Commonwealth did not produce sufficient evidence on two elements of the offense: that the basement apartment in question was a "dwelling house," and that the break-in occurred during the "night time," within the meaning of c. 266, § 15. The judge denied the motion.

By statute, G. L. c. 278, § 10, "night time" is defined as "the time between one hour after sunset on one day and one hour before sunrise on the next day." The Commonwealth produced evidence at trial showing the break-in to have occurred sometime between the hours of 6:00 P.M. and 7:00 P.M. but offered no evidence as to the time of sunset on October 31, 1975. Since it cannot be said to be a matter of common knowledge that one hour after sunset on October 31, 1975, fell before 6:00 P.M., it was incumbent upon the Commonwealth to establish the hour of sunset in the area of the crime. We therefore find the evidence insufficient as a matter of law to support a finding that the breaking and entering occurred in the "night time" as required under c. 266, § 15. In view of our disposition of the case we find it unnecessary to address the defendant's alternate contention argued in support of his motion for a directed verdict; namely, that a leased apartment, as yet unoccupied by new tenants, is not a "dwelling house" under the breaking and entering statutes.

---

[1] "Whoever breaks and enters a dwelling house in the night time, with the intent mentioned in the preceding section [to commit a felony], or, having entered with such intent, breaks such dwelling house in the night time, the offender not being armed, nor arming himself in such house, with a dangerous weapon, nor making an assault upon a person lawfully therein, shall be punished . . . ."

The sentence on Indictment No. 77-244 is vacated and the case remanded to the Superior Court for resentencing under G. L. c. 266, § 18,[2] breaking and entering a "building" in the day time. See *Commonwealth* v. *Sitko*, 372 Mass. 305, 307-308 (1977); *Commonwealth* v. *Swahn*, 5 Mass. App. Ct. 642, 645-648 (1977). The judgment on Indictment No. 77-243 is affirmed.

*So ordered.*

---

[2] "Whoever, in the night time, enters a dwelling house without breaking, or breaks and enters in the day time a building, ship or vessel, with intent to commit a felony, no person lawfully therein being put in fear, shall be punished . . . ."