COMMONWEALTH *vs.* SAMUEL A. JACKSON, JR. No. 93-P-141. October 31, 1994. *Stealing by Confining or Putting in Fear. Words,* "Building."

The defendant appeals from his conviction on charges of kidnapping (G. L. c. 265, § 26) and stealing by confining or putting in fear (G. L. c. 265, § 21). The convictions arose from an incident within the dwelling place of one Vernita Marlow, wherein the defendant held Marlow at knife point and then taped her mouth, wrists, and ankles prior to removing various items from her home, including stereo equipment and a combination television and video cassette recorder.

The defendant's primary claim of error is that the trial judge committed reversible error in his charge to the jury on G. L. c. 265, § 21, as amended by St. 1974, c. 462, § 1, by failing to include within his charge the complete statutory language that the stealing be "from a building,

*bank, safe, vault, or other depository of money, bonds,* or other valuables . . ." (emphasis supplied) or words to the same effect. According to the defendant, the statute "specifically concerns itself with banks, jewelry stores, or other depositories . . . . [and] does not contemplate dwellings," or, as argued in his pro se brief, the word "building" appearing in c. 265, § 21, cannot be properly construed to include private dwellings.

The contention that the statute applies only to commercial establishments, and not to dwelling houses, is without merit. Nowhere do the reported cases applying the statute make that distinction. See *Commonwealth* v. *Skalberg,* 333 Mass. 255, 255-256 (1955) (judgment affirmed, where defendant pleaded guilty under c. 265, § 21, for confining and putting in fear, for purpose of stealing in a dwelling house); *Commonwealth* v. *Devlin,* 335 Mass. 555, 566-567 (1957) (where murder took place in private dwelling, malice could be inferred from evidence supporting violation of c. 265, § 21).

We hold that for purposes of c. 265, § 21, the term "building" also includes a dwelling house. Cf. *Commonwealth* v. *Swahn,* 5 Mass. App. Ct. 642, 646-647 (1977) (dwelling house is a building within the meaning of c. 266, § 17, "breaking and entering in daytime"). As with the statute examined in *Swahn,* which contains no definition of the term "dwelling house," the term "building" is undefined in c. 265, § 21. However, unlike the term "dwelling house," which under certain criminal statutes has "acquired a peculiar and appropriate meaning in law," G. L. c. 4, § 6; *Commonwealth* v. *Labare,* 11 Mass. App. Ct. 370, 376 (1981); *Commonwealth* v. *Ricardo,* 26 Mass. App. Ct. 345, 354-355 (1988), the term "building" carries no such baggage. Therefore, absent a contrary legislative intent, the term is to be given its common and accepted everyday meaning, *Commonwealth* v. *Labare, supra* at 376, as for example "a structure or edifice inclosing a space within its walls and usually . . . covered with a roof." Black's Law Dictionary 194-195 (6th ed. 1990). That necessarily includes a structure such as a dwelling house intended for habitation. *Ibid.*

The reasoning in *Commonwealth* v. *Swahn, supra,* applies with equal force here, and therefore the term "building" appearing in c. 265, § 21, is to be read to include a dwelling house. The judge's charge to the jury under the statute correctly stated the law and was not in error.[1]

The defendant's remaining assertions require no discussion beyond that contained in the Commonwealth's brief. The convictions are affirmed.

*So ordered.*

*Samuel A. Jackson, Jr.,* pro se.
*William E. Loughlin,* Assistant District Attorney, for the Commonwealth.

---

[1] The judge instructed the jury in relevant part as follows: ". . . whether with the intent to commit larceny or any felony [the defendant] confines, threatens and so forth, or puts any person in fear for the purpose of stealing from a building valuables . . . shall be punished."