WARREN GARDENS HOUSING COOPERATIVE *vs.* LORENA CLARK.

Suffolk. December 7, 1994. - June 28, 1995.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Summary Process*, Appeal. *Contempt.*

An adjudication of civil contempt was vacated where the injunction alleg-edly violated contained no clear and unequivocal command that was to be obeyed; moreover, the record of the trial did not demonstrate clear and undoubted disobedience of the injunction; finally, the remedy or-dered was not appropriate to recompense any wronged party or to moti-vate compliance with the injunction. [700-701]

SUMMARY PROCESS. Complaint filed in the City of Boston Division of the Housing Court Department on December 2, 1985.

The case was heard by *E. George Daher*, J., and a com-plaint for contempt, filed on March 19, 1992, was also heard by him.

The Supreme Judicial Court on its own initiative trans-ferred the case from the Appeals Court.

*Jane Climenko Gottschalk* for the defendant.

*Robert F. Corliss* for the plaintiff.

O'CONNOR, J. Warren Gardens Housing Cooperative (Warren Gardens) brought a summary process action in the Boston Division of the Housing Court Department to evict the defendant, Lorena Clark, from premises she occupied at 40 Kensington Park, in the Roxbury section of Boston. In 1986, after a trial, the trial judge ordered the entry of judg-ment for Clark for possession. In addition, however, the judge enjoined Clark as follows: "The Court will therefore issue a permanent injunction against the defendant Lorena Clark from failing to adequately supervise her children. If

any of the children engage in any activity which endangers themselves, other residents or the management, the Court on Contempt would issue an execution for possession against the tenant." Neither party appealed.

Approximately six years later, when Clark's sons, Kenneth and Kimball, were in their mid-twenties, Warren Gardens filed in the Housing Court a complaint for contempt alleging that Clark had wilfully failed to obey the injunction "in that her children, Kenneth Clark and/or Kimball Clark ha[d] been involved in . . . disruptive and illegal activities" including, but not limited to, possession of drugs and assault and battery at Kensington Park and "verbal and physical threats" and "physical attacks" against Warren Gardens' security officers. The contempt matter was tried before the judge who had authored the injunction, and he concluded as follows:

> "I find the defendant Lorena Clark in contempt of this court's order dated July 24, 1986. In accordance with this judgment I hereby order said defendant to vacate the premises now occupied by her at 40 Kensington Park in the Roxbury District of Boston no later than sixty (60) days from the date hereof. Execution to issue thirty (30) days from the date hereof and in accordance herewith."

Clark appealed. Warren Gardens successfully contended in the Housing Court that the appeal was not timely, but a single justice of the Appeals Court allowed the appeal to go forward and ordered that execution of the judgment be stayed. Warren Gardens does not contend here that the appeal was not timely filed.

We reverse the adjudication of contempt and the resulting order that Clark vacate the premises. It is clear that the adjudication was of civil contempt. Neither party contends otherwise. "To constitute civil contempt there must be a clear and undoubted disobedience of a clear and unequivocal command. See *United States Time Corp.* v. *G.E.M. of Boston,*

*Inc.,* 345 Mass. 279, 283 [1963]." *United Factory Outlet, Inc.* v. *Jay's Stores, Inc.,* 361 Mass. 35, 36 (1972). The command to Clark to "adequately supervise" her "children" cannot rightly be viewed as giving clear and unequivocal notice to Clark concerning what steps she was required to take to prevent her adult sons from engaging in conduct inimical to the residents or management personnel of Kensington Park. Furthermore, even if the command were clear and unequivocal, the evidence contained in the trial transcript would not warrant a finding that Clark could have prevented such conduct but disobediently refrained from doing so. Indeed, at the conclusion of the trial, the judge observed, "In 1986, in going through this order, I recognized at that particular time from the evidence how difficult it was for [the defendant] to take care of her children. I sympathize with [the defendant], but I also have to sympathize with the people that live in that development." As a matter of law, clear and undoubted disobedience of a clear and unequivocal order has not been established. Lastly, the purpose of civil contempt is "to secure to the aggrieved party the benefit of the decree, either by means of a fine payable to the aggrieved party as a recompense for his loss through disobedience to the decree, or by means of imprisonment terminable upon compliance with the decree." *Godard* v. *Babson-Dow Mfg. Co.,* 319 Mass. 345, 347 (1946). The eviction of Clark neither compensates anyone nor is it calculated to motivate Clark to better supervise her "children" for the benefit of Warren Gardens or the residents of Kensington Park.

*Judgment reversed.*

Justice Nolan participated in the deliberation on this case, but retired before the opinion was issued.