Kenton-Walker, Janet, J.
The plaintiff, Randall Shield Wolf Trapp (“Trapp”), brings this complaint for civil contempt against the defendants, all of whom are employees and representatives of the Massachusetts Department of Correction (collectively “DOC”), for their alleged violation of a settlement agreement dated February 14, 2003 (“Settlement Agreement”). Specifically, in this complaint Trapp alleges that since 2005 the DOC is in violation of the Settlement Agreement for not allowing the use of tobacco in Native American prayer ceremonies. For the following reasons, the court finds that Trapp’s complaint must be DISMISSED.
BACKGROUND
Trapp’s original complaint sought relief from the DOC’s refusal to allow inmates from constructing and using a Native American purification lodge. When this court ruled in favor of the DOC, Trapp appealed to the Appeals Court. While that appeal was pending, the parties entered into the Settlement Agreement, and filed a Stipulation of Voluntary Dismissal with prejudice with the Appeals Court in March 2003, thereby dismissing this case. This court docketed the stipulation of dismissal.
Trapp filed this contempt action on March 30, 2010, following an agreed upon dismissal of an earlier contempt action filed in 2007, which had been the subject of an appeal to the Appeals Court. The allegations in this contempt and the earlier 2007 contempt action are the same, namely that the DOC is in violation of the Settlement Agreement.
FINDINGS OF FACTS
This court finds that since February 2003 it is the DOC’s policy under the Settlement Agreement that *127 Native American Purification Lodge ceremonies will be made available to the plaintiff inmates and other Native American inmates who wish to use them. Such lodges were to be constructed and operated at the North Central Correctional Institution, Massachusetts Correctional Institution at Norfolk (“MCI-Norfolk”), and at the Souza-Baranowski Correctional Center. Incorporated into the Settlement Agreement are protocols for the construction and operation of the purification lodges, which includes a section entitled “Implements.” In that section, it is specifically provided that a “Ceremonial Pipe with kinnick-kinnick is smoked inside the Purification Lodge during the ceremony.” Since 2003, the DOC has provided the kinnick-kinnick to the inmates for use in the lodges. Until 2005, the kinnick-kinnick contained tobacco. When the DOC instituted its no tobacco policy in 2005, the kinnick-kinnick provided to the Native American inmates no longer contained tobacco.
Trapp is an inmate at MCI-Norfolk. He testified that the purification lodge ceremonies conducted at that facility are done so in accordance with the traditions of the Wampanoag tribe. He further testified that tobacco is a sacred herb, a medicine to the Native American people. Tobacco is used as an offering to the lodge, as well as a corridor of communication with the spirits, and that without tobacco, there is no corridor. Trapp testified that traditional Native American kinnick-kinnick must contain tobacco and that since 2005 the kinnick-kinnick provided by the DOC does not, rendering it useless. It is Trapp’s contention that non-tobacco kinnick-kinnick is not in compliance with the provisions of the Settlement Agreement. The DOC contends that non-tobacco kinnick-kinnick is in compliance.
There was evidence introduced that in 2000 and 2002, in the DOC’s religious services handbook, kinnick-kinnick was described as “a blend of tobacco, barks and roots.” Without objection from the plaintiff, Christopher Mitchell (“Mitchell”), the Director of Program Services and Re-Entiy, testified that they consulted with a representative from the Bureau of Indian Affairs and were told that the non-tobacco kinnick-kinnick provided by the DOC was sufficient to satisfy the spirits. Mitchell also testified that the tobacco ban at the DOC applies to all inmates and employees and if one group were allowed access to tobacco, there could be security risks as kinnick-kinnick with tobacco would become a commodity sought by other inmates who are not otherwise allowed tobacco. Given that the non-tobacco kinnick-kinnick is controlled and distributed by the treatment director, the court does not give great weight to the security concern argument advanced by the DOC.
There is an administrative procedure provided by the DOC when inmates have specific religious requests, which requires the inmate to make a formal request to the Religious Services Committee. That committee considers each request, makes a recommendation to the commissioner, who then makes the decision on the inmate’s request. Mitchell testified that at no time has Trapp, or any other Native American inmate, made a specific formal request to the DOC’s Religious Service Committee asking for kinnick-kinnick with tobacco. The court credits Mitchell’s testimony that Trapp has not sought an official administrative request, but does credit Trapp’s testimony that he has complained to DOC officials about the tobacco-less kinnick-kinnick.
With regard to the Settlement Agreement, the court finds that the parties entered into it in order to settle the underlying case initiated by Trapp in 1995. The settlement was as to both the appeal that was pending at the time, as well as the substantive merits of the litigation. Upon signing the Settlement Agreement, Trapp (and the other plaintiffs) signed releases and the stipulation of dismissal. There was no admission of liability by the DOC. Of significance is paragraph eight, which provides in part: “All parties acknowledge that if any party fails to comply with said Settlement Agreement, it will be deemed a breach of contract and subject the non-complying part(ies) to legal action ...” There was no order of any court incorporating the terms of the Settlement Agreement. All that was filed in court was a Stipulation of Dismissal with prejudice. The order of both the Appeals Court and this court was that the case was dismissed in accordance with the stipulation of dismissal and in accordance with the Settlement Agreement.
RULINGS OF LAW
“Contempt consists in failing to do something which the contemnor is ordered by the court to do.” O’Connell v. Greenwood, 59 Mass.App.Ct. 147, 149 (2003). “When presented with a complaint for contempt, the court must first consider whether the order at issue provided the alleged contemnor with a ‘clear and unequivocal command’ . . .” Id. at 149-50. “Only a clear and unequivocal order provides ‘all who are subject to [the] order’s command [with] fair notice . . .’ ” of what is expected of them. Id. at 150, quoting Sax v. Sax, 53 Mass.App.Ct. 765, 722 (2002). Accordingly, “[w]here the order is ambiguous or the disobedience is doubtful, there cannot be a finding of contempt.” Judge Rotenberg Educ. Center, Inc. v. Comm’r of the Dep’t. of Mental Retardation (No. 1), 424 Mass. 430, 443 (1997). “The requisite unequivocal clarify requires more than a general statement that might or might not include the accused’s conduct.” O’Connell 59 Mass.App.Ct. at 150, citing Warren Gardens Hous. Coop. v. Clark, 420 Mass. 699, 701 (1995).
Once the complainant establishes that the contem-nor had “fair notice” of the court’s directive, the complainant must show that the order was undoubtedly disobeyed. Id., citing Sax, 53 Mass.App.Ct. at 772. A finding of civil contempt must be supported by clear and convincing evidence of a disobedience of a clear *128 and unequivocal command. In the Matter of Birchall, 454 Mass. 837, 853 (2009).
In this case, Trapp bears the burden of proving the DOC in contempt by clear and convincing evidence. Given the facts as found by this court, Trapp has failed to present clear and convincing evidence that there was ever an order of the court that provided the DOC with a “clear and unequivocal command” regarding what specific kinnick-kinnick was to be provided. The Settlement Agreement was never incorporated into an order of the court. Even assuming that the Settlement Agreement became an order of the court, Trapp has failed to present clear and convincing evidence that the DOC was clearly and unequivocally required to provide kinnick-kinnick with tobacco. At best there is some general language in religious handbooks, which were not incorporated into the Settlement Agreement, that kinnick-kinnick contains tobacco. However, such general language is insufficient to show a clear and unequivocal command.
Trapp is not without his remedy since the Settlement Agreement specifically provides that if either party is not in compliance with its terms a breach of contract action is available. Any such breach of contract claim, however, is a separate action and cannot be remedied through a complaint for contempt.
ORDER
Based on the forgoing, Trapp’s complaint for contempt is DISMISSED.