NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-742

DANIEL G. KRAMER

vs.

ROBIN M. KRAMER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Daniel G. Kramer (husband), former spouse of Robin M. Kramer (wife), appeals from an amended contempt judgment in Probate and Family Court that adjudicated him guilty of contempt for failing to provide copies of his tax returns as ordered by the discovery master and the judge. We affirm.

Background. The parties divorced in 2015, pursuant to a judgment of divorce nisi that incorporated all aspects of their separation agreement except for its provisions relating to property division. The agreement provided, in relevant part, that the husband would pay the wife 35% of his base salary each month, 33% of any cash bonus above the higher of $100,000 or the wife's earned income, and 32% of the stock component of his

compensation structure.  The agreement further required each party to provide the other with a signed copy of his or her income tax return for the prior year within ten days of filing the return.  In the event that either party remarried, the remarried party was required to provide a written certification from his or her accountant containing all relevant information and supporting documents to compute that party's "earned income" or "total compensation," as those terms were defined in the agreement.

In 2020, after the husband obtained a new job, the wife filed a complaint for modification, claiming that the husband "has changed positions, has a new compensation structure and has refused to provide the details of same."  The husband filed an answer and counterclaim seeking to modify or terminate his alimony obligation.  In 2021, the judge entered a temporary order appointing a discovery master "for the purposes of monitoring the discovery process in this matter."  On July 20, 2022, the discovery master entered an order requiring the husband to transmit, among other things, his "complete tax returns from 2018 to 2021, including, but not limited to 1099s, with all supporting documents and relevant schedules."  Along with the order, the discovery master filed a motion to accept the order with the Probate Court.  Neither party objected, and

the judge incorporated the discovery master's order into a temporary order on July 25, 2022 (temporary order).

In October 2022, the wife filed a complaint for contempt alleging that the husband had failed to comply with the court's temporary order by failing to produce his tax returns and supporting documents for 2018 to 2021. The wife further argued that the husband had not produced financial statements that reliably allowed her to verify the husband's income. In response, the husband asserted that he had provided letters from his accountant detailing all income he had received in 2019, 2020, and 2021, along with supporting documents, and that the parties' separation agreement allowed a remarried party to submit the information in this manner rather than furnishing a full tax return "given the privacy concerns" related to the remarried party's spouse.

Following a hearing, a different judge (contempt judge) entered an amended judgment for contempt on February 23, 2023. The amended judgment stated that the husband willfully "neglected and refused to provide signed copies of his income tax returns for 2018 through 2021, as ordered on July 20, 2022 by the Discovery Master, which order was accepted by the Court (Teixeira, J.) on July 25, 2022."[1] The amended contempt judgment

_____

[1] On January 27, 2023, the contempt judge entered an initial judgment for contempt that also stated that the temporary order

3

ordered the husband to produce the tax returns by February 28, 2023; awarded the wife $2,500 in attorney's fees; and ordered the husband to keep certain funds in escrow and to produce other documents. On March 30, 2023, the husband filed a notice of appeal from the amended contempt judgment. That same day, the husband moved to reconsider or modify the temporary order dated July 25, 2022. In an order entered on April 20, 2023, the judge denied the husband's motion, stating:

> "The Court appointed a Discovery Master in the present case because the former Husband was less than forthcoming with his financial information and as a result there was a change in circumstance warranting the Temporary Order dated July 25, 2022. The Temporary Order of the Court dated July 25, 2022 was appropriate under the circumstances of this case."

On May 18, 2023, the judge allowed the husband's motion for a stay pending his appeal of the amended contempt judgment.

Discussion. 1. Waiver of challenge to temporary order. The husband argues that the judge erred by incorporating the discovery master's order into a temporary order on July 25, 2022, because doing so resulted in a modification of the trial court's divorce judgment without any findings of fact or conclusions of law. The validity of the temporary order,

---

"was consistent with the required production of such income tax returns in the parties' Separation Agreement filed with the Court on June 24, 2015." After the husband filed a motion to alter or amend the judgment or, in the alternative, for a new trial, the contempt judge entered the amended judgment which excluded that statement.

however, is not before us for review. The husband did not object to the order at the time it was entered. "Objections, issues, or claims -- however meritorious -- that have not been raised at the trial level are deemed generally to have been waived on appeal." Palmer v. Murphy, 42 Mass. App. Ct. 334, 338 (1997). Nor did the husband move to reconsider the temporary order until a month after the judge entered the amended contempt judgment, and he did not appeal from the order denying that motion for reconsideration. See Siles v. Travenol Labs., Inc., 13 Mass. App. Ct. 354, 354 n. 1 (1982) (validity of ruling not listed by appellant as issue on notice of appeal "is not properly before this court and will not be considered on appeal"); Mass. R. A. P. 3 (c) (1), as appearing in 491 Mass. 1601 (2023).

2. The finding of contempt. "We review the judge's ultimate finding of contempt for abuse of discretion, but we review underlying conclusions of law de novo and underlying findings of fact for clear error." Jones v. Jones, 101 Mass. App. Ct. 673, 687-688 (2022), quoting Commercial Wharf E. Condominium Ass'n v. Boston Boat Basin, LLC, 93 Mass. App. Ct. 523, 532 (2018). The husband argues that the judge abused her discretion because the temporary order did not amount to "a clear and unequivocal command," and because her amended contempt judgment did not include findings of "clear and convincing

5

evidence" of the husband's disobedience. See In re Birchall, 454 Mass. 837, 852-853 (2009).

The disclosure requirement in the temporary order was clear and unequivocal. By requiring the husband to provide "complete tax returns from 2018 to 2021, including, but not limited to 1099s, with all supporting documents and relevant schedules," it provided the husband with "adequate notice of the required . . . activity." Lynch v. Police Comm'r of Boston, 51 Mass. App. Ct. 772, 776 (2001). The husband contends that he "did not see issue with the adoption of the Discovery Master's Order, as it was understood to identify exchange of income tax information obligations to which he had already complied, as well defined by the parties' Separation Agreement," and it was only after the judge's contempt judgment in 2023 that he "first became aware of the trial court's improper interpretation of said Order as it relates to income tax information." That contention is contradicted by the transcript of the status conference on August 1, 2022, in which the husband's counsel informed the judge that he had "spent hours" talking with the discovery master about "the order with respect to my client producing tax returns" and was contemplating filing a motion to modify the order because it "conflicts with what the agreement specifically contemplates and provides for." As discussed, the husband did not file such a motion to modify at that time. Based on these

statements by counsel, we do not credit the husband's assertion that he initially understood the temporary order to mean something other than what it clearly says.[2]

We similarly reject the husband's argument that the temporary order was ambiguous because it conflicted with the earlier separation agreement, which was incorporated into the divorce judgment. The temporary order was entered precisely because the husband had failed to disclose necessary financial information under the terms of divorce judgment. At the August 1, 2022 status conference, the judge told the husband's counsel that "this case has smelled since I began sitting on it" and "one thing that irks me to no end is when people do not have their information flow freely because it tells me you're trying to hide something." The judge later explained that she appointed the discovery master "because the former Husband was less than forthcoming with his financial information," and there was accordingly a "change in circumstance" that warranted entry of the temporary order. We therefore conclude that the

---

[2] Nor does the husband's disagreement with the terms of the temporary order provide a defense for his failure to comply with it. "Even if erroneous, a court order must be obeyed, and until it is reversed by orderly review, it is to be respected" (citation omitted). Mohamad v. Kavlakian, 69 Mass. App. Ct. 261, 264 (2007). Because the temporary order was clearly within the jurisdiction of the Probate and Family Court and not "transparently invalid on its face," the husband was required to obey it. Oakham Sand & Gravel Corp. v. Oakham, 54 Mass. App. Ct. 80, 87 (2002).

requirement for producing tax returns and supporting documents in the temporary order was "a clear and unequivocal command," Birchall, 454 Mass. at 853, and further that "undisputed facts in the record . . . clearly showed not only what the language meant but also that the parties shared a common understanding of that meaning." Sax v. Sax, 53 Mass. App. Ct. 765, 772-773 (2002).

Once a judge finds that a party received a clear and unequivocal command, the judge must then find, by clear and convincing evidence, that the party "disobediently refrained" from following that command. Warren Gardens Hous. Coop. v. Clark, 420 Mass. 699, 701 (1995). See Birchall, 454 Mass. at 853. Here, the husband's disobedience of the temporary order was clearly and convincingly established. It required the husband to transmit, "no later than July 25, 2022," his "complete tax returns from 2018 to 2021, including, but not limited to 1099s, with all supporting documents and relevant schedules." At the contempt hearing on January 27, 2023, the wife's counsel informed the judge that the husband had failed to produce his tax returns, and the husband's counsel did not deny that failure. Accordingly, the contempt judge found the husband in contempt for having willfully "neglected and refused to provide signed copies of his income tax returns for 2018 through 2021." Although the husband argues that he "complied with the

8

underlying order as he understood it, interpreted by the definition of income taxes as the parties agreed upon," his failure to produce the specified tax returns is undisputed and "clear and undoubted disobedience" of the temporary order's command.  Birchall, supra at 853.  We therefore conclude that the judge's ultimate finding of contempt was not an abuse of discretion.  See Martinez v. Lynn Hous. Auth., 94 Mass. App. Ct. 702, 705 (2019).[3]

3.  Attorney's fees.  Having determined that the judge did not err in finding the husband in contempt, we affirm the award of attorney's fees.  See Martinez, 94 Mass. App. Ct. at 708 ("As a matter of law, the awarding of attorney's fees and costs is an appropriate element of a successful civil contempt proceeding" [citation omitted]).  The parties' requests for appellate attorney's fees and costs are denied.

---

[3] The husband also argues that the contempt judge erred by not making findings as required by Mass. R. Civ. P. 65.3 (h), as appearing in 386 Mass. 1244 (1982), but that rule does not apply to divorce proceedings.  See Mass. R. Civ. P. 81 (a) (9), as amended, 481 Mass. 1401 (2018).  Rule 52 (a) of the Rules of Domestic Relations Procedure provides that "[i]n actions tried upon the facts without a jury," the judge shall "upon written motion made prior to final argument . . . find the facts specially and state separately its conclusions of law thereon." Because the defendant did not file such a written motion, we need not decide whether the findings in the amended contempt judgment conformed to this rule.

<u>Amended contempt judgment
dated February 23, 2023,
affirmed</u>.

By the Court (Neyman,
Brennan & Toone, JJ.[4]),

Clerk

Entered:  August 5, 2024.

---

[4] The panelists are listed in order of seniority.