COMMONWEALTH *vs.* WILLIAM H. WOLF. No. 92-P-977. June 10, 1993.

*Trespass. Constitutional Law*, Assistance of counsel, Waiver of constitutional rights. *Waiver.*

The defendant was convicted of trespassing (G. L. c. 266, § 120, as appearing in St. 1983, c. 678, § 6) on evidence that he was one of a group of pro-life protesters who remained on the steps in front of an abortion clinic in Brookline, arms interlinked to prevent passage by others into the building, after having been ordered to leave by an employee of the corporation that leased and operated the clinic premises.

The defendant's motion for a required finding of not guilty was correctly denied. The complaint that he "did without right enter or remain in or upon a building, to wit, 1842 Beacon Street . . . after having been forbidden to do so" encompassed a refusal to leave the steps directly in front of and leading up to the front door, which are properly regarded as part of the building for purposes of the trespass statute, like a porch or deck, rather than as improved land only. Contrast statutes proscribing "breaking" or "entering" a building or dwelling house, discussed in *Commonwealth v. Swahn*, 5 Mass. App. Ct. 642, 645-648 (1977). There was also evidence that the clinic employee who ordered the protesters off the steps was acting on the authority of "the person [here, the managing partner of the partnership that owned the building] who has lawful control of said premises." More detailed proof of authority is not required. See *New England Box Co. v. C & R Constr. Co.*, 313 Mass. 696, 707 (1943). Compare *Commonwealth v. Hood*, 389 Mass. 581, 589-590 (1983) (security officers acting on authority of building owner, Draper Laboratory).[1]

The building in question was privately owned and was correctly deemed private property for application of first amendment principles. *Id.* at 586-587. Compare *Hudgens v. NLRB*, 424 U.S. 507, 513-521 (1976). See also

---

[1]The complaint was framed as trespass "in or upon a building," without reference to the portion of § 120 prohibiting trespass on "improved or enclosed land."

*International Soc. for Krishna Consciousness, Inc.* v. *Lee*, 112 S. Ct. 2701, 2706-2709 (1992).

There was no error in excluding, as irrelevant to the legal issues in the case, the proffered testimony of an ordained minister to the effect that the defendant was acting in accordance with the obligatory tenets of his religious belief. This would not be a defense to a charge of an act of trespass on private property. *Employment Div., Dept. of Human Resources of Oregon* v. *Smith*, 494 U.S. 872, 878-879 (1990). The same is true of the judge's refusal to give the defendant's requested instruction.

There was no error in the motion judge's refusal to allow the defendant to be represented at trial by one (an ordained minister and theological school professor) not a member of the bar. The right to counsel is the right to *legal* counsel. "A criminal defendant has no right to lay counsel." *United States* v. *Lussier*, 929 F.2d 25, 28 (1st Cir. 1991).

Changing his tack on appeal, the defendant, who represented himself at trial (as well as on appeal), argues that his conviction should be overturned because the record does not demonstrate that he knowingly and intelligently waived his right to representation by legal counsel. The record does not show that the defendant signed (or was asked to sign) the counsel waiver form prescribed by S.J.C. Rule 3:10 (9), as amended, 399 Mass. 1211 (1987), but absence of the signed form does not establish conclusively that no valid waiver took place. *Commonwealth* v. *Beneficial Fin. Co.*, 360 Mass. 188, 368 (1971), cert. denied sub nom. *Farrell* v. *Massachusetts*, 407 Mass. 910, and sub nom. *Beneficial Fin. Co.* v. *Massachusetts*, 407 U.S. 914 (1972). *Commonwealth* v. *Appleby*, 389 Mass. 359, 368, cert. denied, 464 U.S. 941 (1983). *Commonwealth* v. *Tuitt*, 393 Mass. 801, 808 n.4 (1985). The trial transcript is silent on the subject, but this seems to be because matters having to do with representation were dealt with before the day of trial. After the defendant's motion for representation by lay counsel was denied, he sought permission to prosecute an interlocutory appeal, arguing in his supporting memorandum that the judge erred by "not allow[ing] anyone other than a licensed Bar lawyer to be involved in open court. On [the date of a pretrial hearing] the Accused had his counsel with him but was not allowed any assistance from him because he is not a licensed lawyer. . . . The Accused refuses to assign his rights over to a licensed lawyer. The Accused demands assistance of counsel and does not want to be represented by an officer of the Court." There was no suggestion in this case of indigency, see *Commonwealth* v. *Lee*, 394 Mass. 209, 216 (1985), or mental incompetence, see *Commonwealth* v. *Barnes*, 399 Mass. 385, 390 (1987). The defendant was plainly well-spoken, well-educated, knew his own mind, had a definite plan for the conduct of his own defense, and participated actively and intelligently throughout the trial and before, when he filed thirteen sophisticated pretrial motions, including a motion in limine to exclude certain photographs, a motion to sequester witnesses, and a motion for individual voir dire of prospective

jurors.[2] On this record we have no hesitation in drawing the inference that the defendant's unequivocal refusal of the assistance of legal counsel represented a knowing and intelligent waiver. Compare *Commonwealth* v. *Lee*, 394 Mass. at 218-219; *Commonwealth* v. *Moran*, 17 Mass. App. Ct. 200, 208-209 (1983); *Commonwealth* v. *Hawkins*, 17 Mass. App. Ct. 1041 (1984).

There is no merit to the defendant's other contentions. The words "without right" in the trespass statute are not unconstitutionally vague: they connote the absence of any right, permission, or license recognized by law as permitting an entry into an area described by the statute. *Hurley* v. *Hinckley*, 304 F. Supp. 704, 710 (D. Mass. 1969), aff'd sub nom. *Doyle* v. *O'Brien*, 396 U.S. 277 (1970). The defendant may not raise for the first time on appeal the constitutionality of G. L. c. 234A, § 4(2). See *Commonwealth* v. *Dockham*, 405 Mass. 618, 632-633 (1989).

*Judgment affirmed.*

*William H. Wolf*, pro se.
*John Corrigan*, Assistant District Attorney, for the Commonwealth.


---

[2]One of the thirty-five proposed questions was: "Do you think an accused person who chooses to represent himself rather than using a licensed lawyer deserves to lose?"