MOHAMAD A. MOHAMAD *vs.* SARKIS KAVLAKIAN.

No. 06-P-272.

Worcester. February 5, 2007. - June 4, 2007.

Present: COHEN, DREBEN, & MEADE, JJ.

*Practice, Civil,* Contempt. *Contempt.*

A complaint for civil contempt claiming violation of a court order was sufficient to withstand a motion to dismiss, where the allegations against the defendant, who was not explicitly made a party to the order, sufficiently raised the question whether the defendant participated in violating the order after he had received notice of it. [264-265]

A complaint for civil contempt claiming violation of a court order was sufficient to withstand a motion to dismiss, where the record demonstrated that the defendant had notice of the order, which, although subject to some legal interpretation, nonetheless provided sufficient notice to the defendant that its actions could form the basis for contempt. [265-266]

CIVIL ACTION commenced in the Superior Court Department on July 17, 2003.

Complaints for civil contempt, filed on January 6, 2005, were dismissed by *Timothy S. Hillman,* J.

*Stephen J. Gordon* for the plaintiff.

*Henry L. Grossman* for Gulf Oil Limited Partnership.

*George E. Foote* for Emanuel Landsman.

DREBEN, J. After unsuccessful attempts to satisfy a judgment of over $100,000 in his favor against the defendant Kavlakian, the plaintiff on June 1, 2004, obtained an order from a judge of the Superior Court requiring payments due on a mortgage held by Kavlakian to be paid into court. Upon learning that the property subject to the mortgage had been sold and the mortgage and other junior mortgages satisfied, without payment of any of the proceeds into court, the plaintiff filed complaints for civil contempt against a number of defendants. Another judge of the Superior Court dismissed the complaints against Emanuel Lands-

man and Gulf Oil Limited Partnership (Gulf). This appeal by the plaintiff ensued. We reverse.

The order of the first judge, entered June 1, 2004, provided:

"Driveway Auto, Inc., [the owner-mortgagor] is to make all payments due on the mortgage dated 9/14/93, and the note secured by same, to the Clerk of the Worcester Superior Court, pending further order of this Court."

The facts relevant to the dismissal of the complaints for contempt are uncontested, and we take them from the second judge's memorandum and the record on appeal. Driveway Auto, Inc. (Driveway), formerly operated a Gulf gas station on the property subject to the September 14, 1993, mortgage. Landsman was the original mortgagee under that mortgage and had assigned it to Kavlakian, who became the record holder. On June 29, 2004, when Landsman learned of Kavlakian's financial problems, he obtained from an escrow agent a reassignment from Kavlakian of the mortgage because of what Landsman claimed was a breach under a prior unrecorded escrow agreement between him and Kavlakian. Landsman recorded the reassignment and the escrow agreement. Driveway's property was also subject to two mortgages held by Gulf that were junior to the September 14, 1993, mortgage.

In anticipation of selling the property, Driveway, in November, 2004, negotiated with Landsman and Gulf, as well as some other creditors, and arranged for satisfaction of the Landsman and Gulf mortgages from the proceeds of sale for substantially less than the amounts due thereunder.

The plaintiff, upon discovering these facts, brought complaints of civil contempt against Driveway, Kavlakian, Landsman, and Gulf. Only the latter two complaints are involved in this appeal.[1] After a hearing, the second Superior Court judge dismissed the complaints for civil contempt and imposed sanctions against the plaintiff's attorney in favor of Gulf. This appeal by the plaintiff ensued. We reverse and order that summonses issue against Landsman and Gulf.

Proceedings for civil contempt are governed by Mass.R.Civ.P.

---

[1] Both Driveway and Kavlakian filed notices of bankruptcy.

65.3, as appearing in 386 Mass. 1245 (1982). Paragraph (d) of rule 65.3, set forth in the margin,[2] provides that a summons shall issue only on a judge's order. The purpose of that provision, as stated in the Reporters' Notes, is both to permit flexibility as to what occurs when the parties first appear in answer to the summons and to eliminate, to the extent possible, surprise to the parties. Reporters' Notes to Mass.R.Civ.P. 65.3, Mass. Ann. Laws Court Rules, Rules of Civil Procedure, at 1203 (LexisNexis 2006).

The purpose is not to determine the validity of the underlying order. In this case, the second judge stated that he was treating Landsman's and Gulf's responses to the civil complaints as motions to dismiss under Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974). He correctly pointed out that an order must be "sufficiently clear, so that the party to be bound is provided with adequate notice of the required or prohibited activity." *Demoulas* v. *Demoulas Super Mkts., Inc.*, 424 Mass. 501, 566 (1997). The judge, however, went on to determine the validity of the underlying order. He noted that the order contemplated the seizure of the proceeds of a mortgage held by Kavlakian, that the plaintiff did not have greater rights in the note and mortgage than his debtor, Kavlakian, and that "Kavlakian cannot deprive Landsman of his interest in the mortgage and note by defrauding [the plaintiff], a third party unrelated to the underlying mortgage transaction." Accordingly, the judge stated, "Viewing [Landsman's] business conduct in light of the language of the order, I find that the order does not apply to Landsman and he is therefore not liable for contempt."

As to Gulf, the judge looked to the plaintiff's ex parte motion to reach and apply, and not to the subsequent order itself. He noted that the motion was directed only to funds due to Kavlakian. The motion did not request that funds due to Gulf under a separate and unrelated mortgage be paid to the Superior Court, and the plaintiff did not obtain a judgment against Gulf.

[2]Rule 65.3(d) provides: "Summons. The summons shall issue only on a judge's order and shall direct the parties to appear before the court not later than ten days thereafter for the purpose or purposes specifically stated therein of: scheduling a trial, considering whether the filing of an answer is necessary, holding a hearing on the merits of the complaint, or considering such other matters or performing such other acts as the court may deem appropriate."

Although recognizing that an order may be binding upon persons who, although not parties to a cause, participate or aid a party in disobeying an order, and citing *Bird* v. *Capital Site Mgmt. Co.*, 423 Mass. 172, 178-179 (1996), the judge determined that the plaintiff could not sustain his burden "because the facts alleged do not indicate any business dealings or relationship between Kavlakian and the contempt defendants, Landsman and Gulf Oil, that suggest that the contempt defendants acted in concert with a party to violate the order."[3]

1. *Sufficiency of complaint against Landsman.* In dismissing the complaint against Landsman, the judge, as indicated earlier, evaluated the validity of the court order that required Driveway to make all payments due on the September 14, 1993, mortgage to the clerk of the Superior Court sitting in Worcester. This was error. "Court orders are accorded a special status in American jurisprudence." *Matter of Providence Journal Co.*, 820 F.2d 1342, 1347 (1st Cir. 1986), modified on reh'g, 820 F.2d 1354 (1st Cir. 1987), cert. dismissed, 485 U.S. 693 (1988). Even if erroneous, a court order must be obeyed, and until it is reversed by orderly review, it is to be respected. *United States* v. *United Mine Wkrs. of America*, 330 U.S. 258, 294 (1947). "[O]nly where the court lacks jurisdiction to make an order or where an order is transparently invalid on its face may a party ignore a court order and attempt to evade sanctions by litigating the validity of the underlying order." *Oakham Sand & Gravel Corp.* v. *Oakham*, 54 Mass. App. Ct. 80, 87 (2002), and cases cited.

Landsman acknowledged that he had notice of the order prior to the sale of the property by Driveway. Even though Landsman was not explicitly made a party to the order, the complaint for civil contempt was sufficient to withstand a motion to dismiss under Mass.R.Civ.P. 12(b)(6). See *Nader* v. *Citron*, 372 Mass. 96, 98 (1992) (dismissal of complaint pursuant to rule 12(b)(6) is proper only if it is beyond doubt that plaintiff can prove no set of facts supporting his claim for relief); *General Motors*

---

[3]The judge also imposed sanctions on the plaintiff's counsel for Gulf's costs and legal fees "because the contempt claim asserted against Gulf Oil was 'wholly insubstantial, frivolous, and not advanced in good faith.' "

In imposing sanctions, the judge may also have been influenced by the regrettable lack of civility on the part of counsel to opposing counsel.

*Acceptance Corp.* v. *Abington Cas. Ins. Co.*, 413 Mass. 583, 584 (1992). An injunction is binding on the parties "and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Mass.R.Civ.P. 65(d), 365 Mass. 832 (1974). See *Bird* v. *Capital Site Mgmt. Co.*, 423 Mass. at 178-179; *Sommer* v. *Maharaj*, 65 Mass. App. Ct. 657, 667, further appellate review granted, 447 Mass. 1110 (2006). See also *Judge Rotenberg Educ. Center, Inc.* v. *Commissioner of the Dept. of Mental Retardation (No. 1)*, 424 Mass. 430, 446-448 (1997). The allegations that Landsman received proceeds of the property sold by Driveway in satisfaction of the mortgage dated September 14, 1993, sufficiently raised the question whether Landsman participated with Driveway in violating the court order. The judge thus erred in not issuing a summons under rule 65.3(d), subject to scheduling and other such orders as he deemed appropriate.[4]

2. *Sufficiency of complaint against Gulf.* The complaint against Gulf poses more difficulty. The record shows that Gulf was served with the order on June 8, 2004, and hence had notice of it. As noted earlier, to constitute civil contempt there must be a clear and unequivocal command. *United Factory Outlet, Inc.* v. *Jay's Stores, Inc.*, 361 Mass. 35, 36 (1972). The order did not refer to Gulf's junior mortgages and was not directed at Gulf. Nevertheless, findings of contempt have been upheld "where an order, although subject to some legal interpretation, has nonetheless provided sufficient notice to the party bound by the order that its actions could form the basis for contempt." *Judge Rotenberg Educ. Center, Inc.* v. *Commissioner of the Dept. of Mental Retardation (No. 1)*, 424 Mass. at 448. "[W]hile judges will not read into an order additional terms, judges will not allow a party to do indirectly what an order makes clear he cannot do directly." *Id.* at 449 (citation

---

[4]The judge also faulted the plaintiff for not serving Landsman and Gulf with the complaints for civil contempt. Although as a matter of courtesy, such service or notification may be the preferred practice, there is nothing in rule 65.3 which requires a complaint to be served before the summons is issued. Section (e) of the rule provides, "A copy of the summons, the complaint for contempt, and any accompanying affidavits shall be served, in hand, upon the defendant in accordance with the provisions of Rule 4, unless the court orders some other method of service or notice."

omitted). Under the standard applicable to dismissal under rule 12(b)(6), we cannot say that it is beyond doubt that the plaintiff can prove no set of facts supporting his claim of contempt against Gulf. At trial, the plaintiff may be able to show that Gulf, at the time of the sale by Driveway of the premises, knew of the court's order, knew that Landsman was accepting less than he was entitled to under the first mortgage, and knew that, had Landsman not accepted less than what was due, he would have had to pay the sums received by Gulf into court. If despite this knowledge, Gulf participated in an arrangement whereby Gulf received monies that it knew should have been paid into court, the plaintiff may be entitled to relief.

Accordingly, the judgment of dismissal of the complaints of contempt against Landsman and Gulf Oil are reversed, and the matter is remanded to the Superior Court to issue summonses against both defendants and to issue such orders as the judge deems appropriate under rule 65.3(d).[5]

*So ordered.*

---

[5]In the plaintiff's main brief, counsel did not discuss the question of sanctions and only mentioned it in the reply brief. The docket indicates that the matter is before the single justice and has been stayed pending the outcome of this appeal.