COMMONWEALTH *vs.* FELIX MARRERO. No. 13-P-122. June 9, 2014. *Abuse Prevention. Practice, Criminal,* Instructions to jury. *Evidence,* Collateral matter, Prior inconsistent statement, Cross-examination. *Witness,* Impeachment, Cross-examination.

The defendant was charged with assault and battery causing serious bodily injury, G. L. c. 265, § 13A(*b*); assault with intent to murder, G. L. c. 265, § 15; assault and battery by means of a dangerous weapon causing serious bodily injury, G. L. c. 265, § 15A(*c*)(i); and violation of an abuse prevention order, G. L. c. 209A, § 7.[1] The charges stemmed from a violent episode of domestic abuse during which the defendant's girl friend suffered serious injuries. He appeals from his conviction of assault and battery causing serious bodily injury, asserting that the judge erred by allowing in evidence an attested copy of a G. L. c. 209A abuse prevention order (c. 209A order) and that the judge also erred in permitting the Commonwealth to impeach the victim for claiming a lack of memory.

*Restraining order.* The charge of violating a c. 209A order was dismissed after the judge allowed the defendant's motion for a required finding of not guilty. Prior to the dismissal of the charge, the Commonwealth introduced a certified copy of the c. 209A order to prove the first element of that offense,

---

[1]The judge granted the defendant's motion for a required finding of not guilty on the charge of violating a G. L. c. 209A order. The jury acquitted the defendant on the charge of assault with intent to murder and convicted him of the remaining charges. At the sentencing hearing, the conviction of assault and battery by means of a dangerous weapon causing serious bodily injury was dismissed as duplicative of the conviction under G. L. c. 265, § 13A(*b*).

namely that such an order had issued.[2] See *Commonwealth* v. *Silva*, 431 Mass. 401, 403 (2000). Although the defendant agreed that a c. 209A order barring him from contact with the victim had issued, and that he had been served with it prior to the date of the alleged violation, he objected to the admission of the order because "the content of the affidavit is not sufficient as a matter of law to support the issuance of a restraining order." The judge overruled the objection and admitted a redacted version of the c. 209A order as an exhibit.[3]

As a general rule the defendant does not have the option to act in violation of a court order and then, in a subsequent criminal proceeding, assert as a defense that the order should not have been issued. "Even if erroneous, a court order must be obeyed, and until it is reversed by orderly review, it is to be respected." *Mohammed* v. *Kavlakian*, 69 Mass. App. Ct. 261, 264 (2007). See *Commonwealth* v. *Dodge*, 428 Mass. 860, 861 (1999), citing *United States* v. *United Mine Workers of America*, 330 U.S. 258, 291 (1947). See also *Matter of Providence Journal Co.*, 820 F.2d 1342, 1346 (1st Cir. 1986).[4] Consequently, the judge did not abuse her discretion in ruling that the defendant could not collaterally attack the issuance of the c. 209A order.

To the extent that the defendant can be understood to argue that he was prejudiced because the jury took the c. 209A order into consideration when rendering their verdicts on the other indictments, the argument is unavailing. The judge instructed the jury not to consider the dismissed indictment in their deliberations.[5] We have held that a similar instruction was sufficient to ensure that the jury did not consider evidence regarding a dismissed indictment dur-

---

[2]The standard method of proving the existence and terms of a c. 209A order that is alleged to have been violated is to offer a copy of the order in evidence. See *Commonwealth* v. *Rauseo*, 50 Mass. App. Ct. 699, 701-702 (2001). See Mass. G. Evid. § 803(8)(A) (2014) (admissibility of authenticated government records of primary facts).

[3]The judge redacted the c. 209A order so that the defendant would not be prejudiced by a prior judicial finding that there was a "substantial likelihood of immediate danger of abuse." *Commonwealth* v. *Reddy*, 85 Mass. App. Ct. 104, 105 (2014). See G. L. c. 209A, § 4. See also Mass. G. Evid. § 403.

[4]There are three exceptions to the collateral bar doctrine, all inapplicable here. The first exception applies if a reasonable person in the defendant's position would not understand what conduct was prohibited by the order, the defendant was not aware of the order, or the defendant did not have a reasonable opportunity to comply with the order. *Commonwealth* v. *Dodge*, *supra* at 862. In the present case, the defendant conceded that he was served with the order and was aware that it enjoined him from having contact with the victim. The second exception applies if the defendant was not provided with a reasonable and effective method by which to challenge the order directly. See *Walker* v. *Birmingham*, 388 U.S. 307, 318-319 (1967). Under G. L. c. 209A, § 3, the defendant had the right, not exercised here, to file a motion to vacate or modify the order. The third exception allows a collateral attack "where 'the injunction was transparently invalid or had only a frivolous pretense to validity.' " *Fitchburg* v. *707 Main Corp.*, 369 Mass. 748, 754 (1976), quoting from *Walker* v. *Birmingham, supra* at 315, 317. This exception means that an enjoined person who disregards an order that is merely voidable, but not void, risks criminal prosecution and conviction. See *Harris* v. *Sanella*, 400 Mass. 392, 395 (1987) (distinction between void and voidable).

[5]Specifically, the judge instructed the jury: "The charge of violation of a restraining order is no longer before you for your consideration. You are to deliberate in this case only concerning the remaining indictments. Don't speculate about why that charge is no longer before you, and it is not to influence your verdict on the remaining charges in any way."

ing deliberations on other charges. See *Commonwealth* v. *Davis*, 58 Mass. App. Ct. 412, 418 (2003). Any suggestion that the jury may have been so prejudiced against the defendant by the admission of the c. 209A order that they failed to consider the case fairly also is contradicted by the jury's acquittal of the defendant of the most serious charge. See *Commonwealth* v. *Martin*, 424 Mass. 301, 314 (1997).

The defendant neither moved to have the charges against him tried separately nor argues on appeal that the charges were joined improperly. Joinder of the c. 209A order violation and the remaining offenses promoted judicial economy, while consistent with Mass.R.Crim.P. 9(a)(1), 378 Mass. 859 (1979).

*Admission of prior inconsistent statements.* The defendant argues for the first time on appeal that the judge erred by allowing the Commonwealth to impeach the victim on cross-examination in disregard of the principle that "there is no inconsistency between a present failure of memory on the witness stand and a past existence of memory." *Commonwealth* v. *Martin*, 417 Mass. 187, 197 (1994), quoting from Liacos, Massachusetts Evidence § 6.6.2, at 271-272 (6th ed. 1994). See *Commonwealth* v. *Daye*, 393 Mass. 55, 73 (1984). See also Mass. G. Evid. § 613 (2014).

On direct examination the victim testified for the defendant that she remembered not being hit on the day in question or on any other day, yet she testified on cross-examination that she did not remember having previously made a contrary statement by telling Detective Ferreira that the defendant had hit her. It is well established that it rests within the judge's discretion to determine that a prior statement qualifies for use as a prior inconsistent statement even though the prior statement is not a clear-cut contradiction of the witness's testimony at trial. See *Commonwealth* v. *West*, 312 Mass. 438, 440 (1942) ("[I]t is not necessary that there should be a contradiction in plain terms. It is enough if the proffered testimony, taken as a whole, either by what it says or by what it omits to say, affords some indication that the fact was different from the testimony of the witness whom it is sought to contradict").[6] The defendant's late objection to the prosecutor's cross-examination is unavailing. There was no error.[7]

*Judgment affirmed.*

*Thomas F. Sullivan* for the defendant.

*Roger Lee Michel, Jr.,* Assistant District Attorney, for the Commonwealth.

---

[6]The judge properly gave limiting instructions that the jury could not consider the impeachment evidence for its truth. "[W]e presume, as we must, that a jury understands and follows limiting instructions." *Commonwealth* v. *Jackson*, 384 Mass. 572, 579 (1981).

[7]For the first time on appeal, the defendant also suggests that the judge erred because the prior inconsistent statement concerned a prior bad act by the defendant. See Mass. G. Evid. § 404(b). The admissibility of prior bad acts is reviewed under an abuse of discretion standard. The judge was in the best position to assess the significance of this impeachment evidence.