By the Court (Milkey, Hanlon & Singh, JJ.[1] )
On June 6, 2012, Jane Doe[2] obtained an ex parte abuse prevention order against the defendant pursuant to G. L. c. 209A. That order, inter alia, prohibited the defendant from contacting Doe, and it required him to stay one hundred yards from her. On June 19, 2012, the order was extended for one year, and on June 18, 2013, it was extended for an additional ten years (expiring on May 15, 2023). No timely appeal of the original issuance of the order or of its extensions was ever taken.
Based on an incident that occurred on October 4, 2015, a District Court jury convicted the defendant of violating the order.[3] On appeal, the defendant seeks to vacate that conviction by arguing that the order and its extensions never should have issued. The defendant waived his right to appeal the issuance of the order and its extensions, and cannot collaterally attack the order in a case enforcing that order. See Commonwealth v. Marrero, 85 Mass. App. Ct. 911, 912 (2014) ("As a general rule the defendant does not have the option to act in violation of a court order and then, in a subsequent criminal proceeding, assert as a defense that the order should not have been issued"). See also Mohamad v. Kavlakian, 69 Mass. App. Ct. 261, 264 (2007) ("Even if erroneous, a court order must be obeyed").[4]
None of this is to suggest that we discern any merit in the defendant's argument that the order improperly was issued or extended. To the contrary, the facts regarding the October 4, 2015, incident appear to reinforce the need and appropriateness of the underlying order.
Judgment affirmed.

The panelists are listed in order of seniority.

A pseudonym.

Doe testified that at an outdoor parade that day, the defendant was looking at her and her family while standing about sixty feet away. Then, according to Doe, after she and her husband had left the parade and went to an American Legion hall, the defendant entered the hall, made eye contact with her, walked directly past her, then immediately returned and approached her and her husband, and invited them to "take it outside."

Indeed, even where the person subject to a court order claims it is invalid on First Amendment to the United States Constitution grounds, he generally can be prosecuted for a violation of the order regardless of its validity. See Matterof Providence Journal Co., 820 F.2d 1342, 1346-1347 (1st Cir. 1986), cert. dismissed, 485 U.S. 693 (1988).