NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12414

COMMONWEALTH  vs.  CARLOS ALVAREZ, JR.


August 29, 2018.


Controlled Substances.  Trespass.  Cellular Telephone.  Search
    and Seizure, Expectation of privacy, Search incident to
    lawful arrest.  Evidence, Operative words.  Practice,
    Criminal, Motion to suppress.


     Following a jury trial in Superior Court, the defendant,
Carlos Alvarez, Jr., was convicted of possession of cocaine with
intent to distribute, as a subsequent offense, and criminal
trespass.  The defendant was arrested for selling cocaine in a
grocery store parking lot.  He unsuccessfully moved to suppress
evidence related to his cellular telephone (cell phone) that had
been lawfully seized during a search incident to his arrest.
After trial, the defendant appealed to the Appeals Court,
challenging the denial of his motion to suppress and his
convictions, and we granted his application for direct appellate
review.

     Evidence presented at the hearing on the motion to
suppress.  A police officer observed the defendant conducting a
hand-to-hand drug transaction in the parking lot behind a
grocery store.  The officer approached the defendant as he was
completing the sale.  The defendant fled the scene shortly after
the officer approached him, but he was apprehended by another
officer moments later.  After the defendant was arrested, the
officer who had observed the drug transaction searched the
defendant's pockets and recovered money and a cell phone.  The
officer also observed a plastic bag containing a small, rock-
like object -- later determined to be cocaine -- on the ground
in the area where the defendant had been on the ground.

Upon recovery of the cell phone from the defendant's pocket during the arrest, the officer did not attempt to open it, look into it, or press any buttons. At some unspecified point after the officer returned to the police station, the cell phone rang; the officer glanced at the "ringing" cell phone and saw a text message on its outer screen. A Superior Court judge denied the defendant's motion to suppress the cell phone and the text message.

The defendant contends that by glancing at the ringing cell phone and observing a text message on its outer screen, the officer conducted a search. In a motion to suppress, the defendant bears the initial burden of establishing that a search occurred pursuant to the Fourth Amendment to the United States Constitution. See Commonwealth v. D'Onofrio, 396 Mass. 711, 714-715 (1986). See also Commonwealth v. Boyarsky, 452 Mass. 700, 708 (2008), quoting Commonwealth v. Netto, 438 Mass. 686, 697 (2003) ("burden is initially on the defendant[] to demonstrate that [he] had a reasonable expectation of privacy . . . . Thus, if the record is unclear . . . it is the defendant[] -- not the Commonwealth -- who [has] failed to meet [his] burden of proof . . .").

The record before us presents a dearth of evidence concerning the cell phone. It is clear, however, that the defendant's cell phone was seized during a valid search incident to his lawful arrest. See Commonwealth v. Mauricio, 477 Mass. 588, 592 (2017). At some point after the defendant's cell phone was lawfully seized and the officer returned to the police station, the cell phone rang. In response, the officer glanced at the outer screen of the ringing cell phone, where he observed the text message at issue. There was no evidence that the officer opened the cell phone, manipulated it to view the text message, or otherwise perused its contents. Because the record is devoid of evidence suggesting that the officer's observation of the outside of the defendant's cell phone constituted a search, the defendant did not establish that a search occurred.[1] Accordingly, within this factual vacuum, we cannot say that the judge erred in denying the motion to suppress.

Evidence at trial. The officer's testimony about the drug deal substantially conformed to the evidence presented at the

---

[1] There was no evidence concerning the officer's possession of the cell phone after the arrest, or anything to suggest that his possession of the cell phone was no longer constitutionally justified.

hearing on the motion to suppress.  The officer observed the defendant meeting with another individual and conducting a hand-to-hand drug transaction in the parking lot behind a grocery store.  Several "no trespassing" signs were prominently posted around that area of the parking lot.  As the defendant was completing the drug deal, the officer approached the defendant.  The defendant fled the scene but was arrested moments later.  The officer recovered money and a cell phone from the defendant's pockets and observed a plastic bag containing cocaine fall from the defendant's pants.

The officer testified that the cell phone recovered from the defendant was a "flip phone."  As the officer was writing his report at the police station, he heard the defendant's cell phone ring.  In response, he glanced at its outer screen and saw a text message: "N word, I need some shit."[2]  The officer testified that he had not opened the cell phone or otherwise manipulated it to view the message appearing on the outer screen.  The cell phone was admitted in evidence.

Another officer testified that individuals looking to buy drugs will often contact a drug dealer through text message, and use coded words indicating that the person wants to meet to purchase drugs.  That officer testified that a person found in possession of one small rock of cocaine, multiple twenty dollar bills, and a cell phone with a coded text message is more consistent with an individual dealing drugs than a personal user.

Testimony concerning the text message.  The defendant principally claims that the officer's testimony about the content of the text message constituted impermissible hearsay and should not have been admitted.[3]  However, "the words used to

---

[2] The trial transcript indicates that this is how the officer described the text message that he observed.

[3] Although he did not raise the issue at trial, the defendant now argues that this testimony was not sufficiently authenticated.  To authenticate evidence, the proponent of the evidence must make a showing sufficient "to support a finding that the item is what the proponent claims it is."  Mass. G. Evid. § 901(a) (2018).  See Commonwealth v. Purdy, 459 Mass. 442, 447 (2011).  Here, there was sufficient evidence indicating that the evidence presented was what it purported to be:  a brief text message on the outer screen of the defendant's cell phone.

effectuate the commission of a crime, or to make a contractual promise or describe its terms, or to form a criminal conspiracy or set forth its aims" are legally operative words that do not constitute hearsay. Commonwealth v. Purdy, 459 Mass. 442, 452-453 (2011). See Mass. G. Evid. § 801(c) (2018). In the same way that statements "compris[ing] a solicitation of a sexual act, including any negotiations regarding the price or services," are legally operative words, Purdy, supra at 452, a statement in a text message asking to buy drugs is composed of the words of a crime and does not constitute hearsay.[4] Accordingly, there was no error in admitting the testimony.

Criminal trespass. The defendant contends that there was insufficient evidence to support his conviction of criminal trespass. General Laws c. 266, § 120, provides:

> "Whoever, without right enters or remains in or upon the . . . improved or enclosed land . . . of another . . . after having been forbidden so to do by the person who has lawful control of said premises, whether directly or by notice posted thereon, . . . shall be punished . . . ."

The phrase "'without right' . . . connote[s] the absence of any right, permission, or license recognized by law as permitting an entry into an area described by the statute." Commonwealth v. Wolf, 34 Mass. App. Ct. 949, 951 (1993), citing Hurley v. Hinckley, 304 F. Supp. 704, 710 (D. Mass. 1969), aff'd sub nom. Doyle v. O'Brien, 396 U.S. 277 (1970). In the circumstances of this case, there was insufficient evidence to establish that the defendant had entered onto the grocery store property "without right." Similarly, as it related to the facts before us, there is nothing suggesting that once the defendant entered onto the premises, he was provided adequate notice that he had been forbidden to remain thereon. Accordingly, we conclude that there was insufficient evidence in this case to support the defendant's conviction of criminal trespassing.

---

[4] The defendant also contends that testimony about the text message violated the best evidence rule. The defendant did not raise this objection at trial and, therefore, deprived the Commonwealth of the opportunity to produce the original writing, Mass. G. Evid. § 1002 (2018), "or show a sufficient excuse for its nonproduction." Commonwealth v. Ocasio, 434 Mass. 1, 6 (2001). Even if the best evidence rule applied here, we cannot say that any potential violation created a substantial risk of a miscarriage of justice.

The defendant's conviction of possession of cocaine with intent to distribute is affirmed.  The defendant's conviction of criminal trespass is reversed.

<u>So ordered</u>.


<u>Matthew J. Koes</u> for the defendant.
<u>Ellyn H. Lazar-Moore</u>, Assistant District Attorney, for the Commonwealth.