NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13417

RANDALL BOCK  vs.  BOARD OF REGISTRATION IN MEDICINE.

September 21, 2023.

Board of Registration in Medicine.  Doctor, License to practice medicine.  Contempt.  Practice, Civil, Contempt, Complaint, Dismissal.

The petitioner, Randall Bock, appeals from a judgment of the county court dismissing his complaint, in which he sought an order holding the Board of Registration in Medicine (board) in contempt of an order of this court.  We affirm.

Bock has been the subject of two disciplinary proceedings before the board.  At the outset of the first proceeding, which commenced in 2014, his medical license was temporarily suspended.  In 2018, when that proceeding concluded, the only discipline imposed was a reprimand and a fine; Bock's license was neither revoked nor finally suspended.  By that time, his license had reached its expiration date.  For that reason, under the regulations in effect at that time, the board did not immediately reinstate his license, but required him to go through the process of reviving a lapsed license.  Bock therefore filed a petition in the county court seeking immediate reinstatement of his license.  A single justice of this court (first single justice) reserved and reported that petition to the full court.  Before the case could be heard by the full court, the board agreed to reinstate his license, and the parties entered into a voluntary stipulation of dismissal, as follows:

> The parties, pursuant to Mass. R. [A.] P. 29 (b) (1), [as appearing in 481 Mass. 1660 (2019),] hereby stipulate to the Voluntary Dismissal of this action with prejudice.  As

> grounds for this Stipulation, the parties state that the Respondent-Appellee has agreed to revive the Petitioner-Appell[ant]'s medical license under the same terms as such license was issued prior to the Order of Temporary Suspension dated January 22, 2014, and with a current renewal date of July 23, 2021.

In accordance with the stipulation, the first single justice ordered that the petition be dismissed. Not long thereafter, the board again summarily suspended Bock's license, as the second disciplinary proceeding had commenced against him. Bock then filed a motion, in the full court, seeking an order holding the board in contempt for temporarily suspending his license. We referred that motion to a second single justice, who denied it without a hearing. Bock did not appeal from that ruling.

Bock's complaint for civil contempt, seeking essentially the same relief as his unsuccessful motion, ensued. He alleged in the complaint that the temporary suspension was in contempt of the voluntary stipulation of dismissal, which, he claimed, ripened into an order of this court when the first single justice dismissed the case. On the board's motion, a different single justice (third single justice) dismissed the complaint without a hearing. Bock appeals from this dismissal.

The complaint was properly dismissed. First, we see no reason why Bock could not have appealed to the full court from the second single justice's denial of his motion, rather than initiating a new proceeding. See Linardon v. United States Dep't of Hous. & Urban Dev., 485 Mass. 1005, 1006 (2020) (appeal from single justice's denial of motion for contempt). Where the second single justice had already rejected Bock's motion for contempt, we will not disturb the third single justice's dismissal of his complaint seeking the same relief on the same basis.

Moreover, the allegations in Bock's complaint, even if true, would not establish that the board disobeyed a "clear and unequivocal command" of this court. See, e.g., Birchall, petitioner, 454 Mass. 837, 853 (2009). See also Mohamad v. Kavlakian, 69 Mass. App. Ct. 261, 264 (2007) (determining whether "complaint for civil contempt was sufficient to withstand a motion to dismiss under Mass. R. Civ. P. 12 [b] [6]"). "[W]e determine whether a party is in contempt by looking to the precise words of the order itself." Parker v. Commonwealth, 448 Mass. 1021 (2007), quoting Newell v. Department of Mental Retardation, 446 Mass. 286, 305, cert.

denied, 549 U.S. 823 (2006).  Even assuming, without deciding, that the voluntary stipulation of dismissal became an order of this court when the first single justice dismissed his petition, he has identified no clear and unequivocal command that the board can be said to have disobeyed.  The reinstatement of Bock's license on the terms under which it was issued and with a given renewal date in no way foreclosed the board from summarily suspending his license in connection with the new disciplinary proceedings.[1]  Simply put, this court did not command the board to refrain from summarily suspending Bock's license, regardless of his conduct as a physician.  Accordingly, the board did not disobey any command of this court by doing so.  The third single justice properly dismissed the complaint.

Judgment affirmed.

    The case was submitted on briefs.
    Randall Bock, pro se.
    Samuel Furgang, Assistant Attorney General, for the defendant.

---

[1] Indeed, when the board agreed to reinstate Bock's license, it expressly reserved the right to continue the new disciplinary action and to impose a summary suspension.