NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1402

COMMONWEALTH

vs.

WALTER E. TUVELL.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant was convicted of two counts of criminal contempt, in violation of Mass. R. Crim. P. 44, 378 Mass. 920 (1979), and one count of unlawful wiretapping, in violation of G. L. c. 272, § 99 (C) (1).  The defendant raises several issues on appeal. We have considered each one carefully and conclude that none of them are meritorious.  Accordingly, we affirm the convictions.

Background.  As a threshold matter, we note that the defendant has failed to provide transcripts of the trial, as required by Mass. R. A. P. 8 (b), as appearing in 481 Mass. 1611 (2019), and Mass. R. A. P. 18 (a) (1) (D), as appearing in, 491 Mass. 1603 (2023).  See Commonwealth v. Montanez, 388 Mass. 603,

604 (1983) ("It is the defendant's burden, as appellant, to bring us a satisfactory transcript"). This failure has hampered our review and prevents us from accurately summarizing the facts that the jury could have found. Based on the parties' representations in their briefs and the record available to us, albeit incomplete, we understand the charges to have stemmed from the following events.

On February 9, 2022, a judge of the Superior Court issued a harassment prevention order against the defendant. Among other conditions, the order prohibited the defendant from publishing personal information about a certain minor on his Internet website. In addition, the judge impounded the case. At some point thereafter, it came to the judge's attention that the defendant "intentionally posted impounded records from [the] case online for public consumption in violation of [the] court's express orders." Consequently, on March 31, 2022, the judge issued an order requiring the defendant to immediately remove all impounded material by the following day. According to the allegations set forth in the criminal complaint charging the defendant with contempt, which was issued on September 29, 2022, the defendant disobeyed this order by failing to remove the impounded material from his website.

2

Thereafter, on December 21, 2022, the defendant appeared in a division of the District Court Department in connection with the contempt charges. He became disruptive, and the judge ordered the court officers to detain him. They brought the defendant to the lock-up area of the courthouse where his personal belongings, including his cell phone, were taken from him. The phone was placed in a clear evidence bag. Soon afterward, one of the court officers noticed that the phone was recording audio. It was later determined that the defendant had been recording the court proceedings and subsequent events for over two and one-half hours. The defendant subsequently was charged with unlawful wiretapping.

The witnesses in both cases were court employees. Thus, to avoid a conflict of interest, or the appearance of a conflict, both criminal complaints were transferred to a different division of the District Court Department. The charges were tried together with no objection.

Discussion. The defendant first argues that the District Court did not have jurisdiction over the contempt charges because they stemmed from violations of orders issued in the Superior Court. He raised this issue prior to trial in a motion to dismiss, which was denied. Jurisdictional questions are

3

questions of law, which we review de novo.  Jinks v. Credico (USA) LLC, 488 Mass. 691, 696 (2021).

It is true that Mass. R. Crim. P. 44 (a) states that nonsummary criminal contempt cases shall proceed "in the court in which the contempt is alleged to have been committed." However, the rule also provides that such cases "shall be prosecuted by means of complaint, unless the prosecutor elects to proceed by indictment."  Id.  Thus, the Commonwealth has the option to prosecute a violation of the rule via a complaint in the District Court, as it did here, or by indictment in the Superior Court.  See Reporters' Notes to Rule 44, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 235 (Thomson Reuters 2024) ("Initiation of prosecution by complaint is an historically recognized manner of bringing charges for indirect contempt in the Commonwealth").  See also Commonwealth v. Brogan, 415 Mass. 169, 173 (1993), where the court observed "[t]here is no statute prescribing any particular venue for the trial of an indictment [or complaint] alleging contempt of a court order."  Our interpretation of the rule leads us to the same conclusion reached by the judge, namely that the District Court had jurisdiction, and, therefore, the judge properly denied the defendant's motion to dismiss the contempt charges.

4

Next, the defendant argues that no court could exercise jurisdiction over the wiretap charge because the supporting evidence stemmed from a court proceeding involving the contempt charges. As best we understand this argument, the defendant claims that if the District Court did not have jurisdiction over the contempt charges in the first instance, then the District Court could not exercise jurisdiction over charges based on contempt-related conduct (the recording of court proceedings). Given our conclusion that the District Court had jurisdiction over the contempt charges, this argument is unavailing.

The defendant also contends that his motion to dismiss the contempt charges on the ground that the collateral bar doctrine protected him from criminal liability should have been allowed. As the judge correctly concluded in his well-reasoned memorandum and order denying the defendant's motion, the collateral bar doctrine does not apply in the circumstances presented here. The doctrine provides that one cannot violate a court order and then challenge its validity as a defense in a subsequent criminal prosecution. The defendant was required to obey the order, even if erroneous, until it was "reversed by orderly review." Mohamad v. Kavlakian, 69 Mass. App. Ct. 261, 264 (2007). In addition, contrary to the defendant's assertion, his conduct did not fall into any recognized exception to the

5

doctrine.  He argues that the order was "transparently invalid or had only a frivolous pretense to validity," and, therefore, he was not required to comply with its terms.  Commonwealth v. Marrero, 85 Mass. App. Ct. 911, 912 n.4 (2014), quoting Fitchburg v. 707 Main Corp., 369 Mass. 748, 754 (1976).  The judge properly rejected this argument as do we.  There is nothing in the record to suggest that the orders at issue were frivolous or invalid.  In short, the collateral bar doctrine does not shield the defendant from criminal liability, and the motion to dismiss was properly denied.

The defendant claims that, despite the impoundment order, he had a First Amendment right to post information about the proceedings.  Specifically, the defendant asserts that his conduct was protected by the fair report privilege.[1]  He filed a motion to dismiss the contempt charges on this ground, which was denied.[2]  We discern no error.

Although "most judicial records . . . are presumptively public documents," that presumption "is not absolute, and may be

_____

[1] "The fair report privilege establishes a safe harbor for those who report on statements and actions so long as the statements or actions are official and so long as the report about them is fair and accurate."  Howell v. Enterprise Publ. Co., 455 Mass. 641, 651 (2010).

[2] Subsequent impoundment orders were issued during the proceedings.  Based on our understanding of the defendant's arguments, he does not challenge these orders on appeal.

6

restricted on a showing of 'good cause'" (citation omitted). New England Internet Café, LLC v. Clerk of Superior Court for Criminal Business in Suffolk County, 462 Mass. 76, 83 (2012). To determine whether good cause is shown, a judge must balance the rights of the parties based on the particular facts of the case and consider, among other things, the type of information and the privacy interests involved. Id. Here, the defendant posted the name of a minor, information relating to the minor's physical and mental health, and sensitive court records to his public website. Information concerning a minor is specifically shielded from the public under G. L. c. 258E, § 10. These circumstances more than amply demonstrate good cause for issuing the impoundment order, and, therefore, the motion to dismiss on this ground was properly denied.

The defendant next contends that the judge erred in denying his motion to suppress evidence from his cell phone on which the wiretap charge was based. He argues, as he did in his motion, that his cell phone was unlawfully seized and searched.

The judge and the parties relied on the facts as described in the police report submitted in support of the complaint application. In denying the motion to suppress, the judge reasoned that the defendant had provided no factual basis to support his claim that his cell phone had been searched. The

judge further observed that the Commonwealth only intended to introduce "plain view observations" that the cell phone was recording, and, therefore, the exclusionary rule did not bar the admission of this evidence at trial.  On review, we accept the judge's findings of fact absent clear error and conduct an independent review of his conclusions of law.  Commonwealth v. Tremblay, 480 Mass. 645, 652 (2018).

We agree with the judge that the conduct at issue did not amount to a search.  See Commonwealth v. Alvarez, 480 Mass. 1017, 1018 (2018) (no search in constitutional sense when officer looked at cell phone and observed text message).  Furthermore, even if we were to conclude that a search occurred, which we do not, we agree with the Commonwealth that it was justified under the plain view exception to the warrant requirement.  The cell phone was lawfully in the possession of the court officers, and they could see the phone's screen through the clear evidence bag.  The incriminating nature of the information displayed on the screen was immediately apparent, and the discovery that the phone was recording was inadvertent.  These facts are sufficient to meet the requirements of the plain view exception.  See Commonwealth v. Balicki, 436 Mass. 1, 8 (2002).

The defendant's remaining arguments require little discussion.  He contends that because the harassment prevention order ultimately was terminated, and the contempt and wiretap charges stemmed from proceedings connected to that order, all the charges should be dismissed under the fruit of the poisonous tree doctrine.  This argument has no basis in fact, law, or logic.  First, the fruit of the poisonous tree doctrine, which bars the admission of physical or testimonial evidence at trial where such evidence is derived from an unconstitutional search or seizure, is not applicable here.  See Commonwealth v. Damiano, 444 Mass. 444, 453-454 (2005).  Second, and more importantly, it matters not that the harassment protection order was terminated; the defendant was required to comply with it and all subsequent court orders while they were in effect.

Lastly, the defendant claims that the judge erred by not giving the jury a requested mistake-of-law instruction.  The issue was first raised in a pretrial motion in limine in which the defendant sought permission to pursue a mistake-of-law defense.  According to the defendant, he was entitled to the defense because the impoundment order, which he allegedly disobeyed, was not valid.  The Commonwealth opposed the motion, and the judge agreed with the Commonwealth that the defense was

9

not available in the circumstances presented.  There was no error.

As previously stated, the defendant was required to respect the impoundment order unless and until reversed.  The defendant never claimed that he was unaware of the order, or that he did not understand its terms.  Instead, he argued that he could ignore the order because it was not valid.  In short, because there was no mistake of law, the defendant was neither permitted to pursue such a defense nor entitled to the jury instruction he requested.

<u>Judgments affirmed</u>.

By the Court (Vuono, Neyman & D'Angelo, JJ.[3]),

Paul Little

Clerk

Entered:  December 27, 2024.

---

[3] The panelists are listed in order of seniority.

10